IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Mary Ellen Coady, | ) | |
| | ) | |
| Plaintiff, | ) | **Jury Trial Demanded** |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| Fiserv Solutions, Inc., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| Gail Combs Oglesby, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Mary Ellen Coady, by and through counsel, and files Plaintiff's Complaint against Defendants Fiserv Solutions, Inc., and Gail Combs Oglesby. In Support, thereof, Plaintiff states:

## INTRODUCTION

1. Plaintiff brings suit for a violation of the Family Medical Leave Act and discrimination under the Missouri Human Rights Act. Plaintiff filed a joint Charge of Discrimination on August 28, 2014 and received a right to sue letter dated April 13, 2015 and brings this action within ninety (90) days of April 13, 2015.

## JURISDICTION

2. This Court has original jurisdiction under U.S.C. § 1332(a)(1), as Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds seventy-five

thousand dollars, (b) supplemental jurisdiction over such remaining claims, pursuant to 28 U.S.C. 1367(a), in that all claims within this Complaint are so related that they comprise one case, and all claims arise from the same operative facts.

## VENUE

3.     Venue is proper in this judicial district under 28 USCA § 1391(b)(2) as Plaintiff was employed by Defendant Fiserv in Hazelwood, Missouri throughout her employment with Defendant Fiserv until the time of her termination and at all times herein.

## PARTIES

4.     Plaintiff at all relevant times resided all times hereinafter mentioned, Plaintiff was and still is a resident of Missouri.

5.     Defendant, Fiserv Solutions, LLC., ("Fiserv"), is a Wisconsin Corporation with a principal office at 255 Fiserv Dr., Brookfield, Wisconsin with an office and plant in the County of St. Louis, Missouri.

6.     Upon information and belief Defendant, Gail Combs Oglesby, ("Oglesby") resides in the State of Texas.

## FACTS COMMON TO ALL COUNTS

7.     Plaintiff started working for Fiserv in April of 2013 as Human Resources Manager for Fiserv's Output Solutions Division at Fiserv's facility in Hazelwood, Missouri.

8.     Oglesby was and is the Vice President of Human Resources for Fiserv's Output Solution Division, based in Texas, and was Plaintiff's immediate supervisor.

9.     On July 19, 2013, Oglesby performed Plaintiff's midyear evaluation, in which Oglesby noted that "Mary Ellen is doing a good job of getting acclimated to the FOS/Fiserv environment but still much to learn. A few missteps along the way but I do think that Mary

Ellen is going to be great in this role and will be able to add some real value to the organization through her HR leadership for Hazelwood."

10. In or around November, 2013, Plaintiff informed Oglesby and Mr. Ken Brown, Division President, that she was pregnant.

11. On or about in early December 2013, Oglesby authored an email expressing concerns about Plaintiff's performance and stating her intention to begin documenting those concerns. None of these concerns were conveyed to Plaintiff until her year-end review in February 2014. Oglesby stated her intention was to place Plaintiff on a Performance Improvement Plan ("PIP") after Plaintiff's year end evaluation.

12. On February 24, 2014, Oglesby performed Plaintiff's year end evaluation. On the year end evaluation, Oglesby wrote "Mary Ellen has not generally met my expectations for her performance in a variety of areas. In many ways I do not feel that she is functioning at an HR Manager level… I do think Mary Ellen can address some of these issues, whether or not she is capable of addressing them all will remain to be seen."

13. On March 15, 2014, Oglesby placed Plaintiff on a Performance Improvement Plan ("PIP"). The PIP stipulated a completion date of April 30, 2014.

14. On April 1, 2014, Fiserv posted Plaintiff's job as a Human Resources Manager opening on Fiserv's internal job site board, stating that the reason for the open position was to replace Plaintiff. Said posting stated that the reason for the opening was Plaintiff's termination as of April 30, 2015. Oglesby approved this job posting, placing on it a comment which stated "CONFIDENTIAL DO NOT POST".

3

15. After approving the job posting, Oglesby continued to meet with Plaintiff regarding her PIP, giving no indication to Plaintiff that Fiserv had already decided to terminate Plaintiff.

16. On April 9, 2014, Oglesby emailed Plaintiff, informing Plaintiff that they may have to extend the PIP, specifically stating "no worries if you go out before we finish up." Oglesby made this statement, knowing it to be false, for the sole purpose of encouraging Plaintiff to delay the completion of her PIP; thus, providing Fiserv with a justifiable excuse to terminate Plaintiff.

17. On April 18, 2014, Plaintiff discovered the job posting on Fiserv's internal job site board with the notation that the person to be replaced (Plaintiff) was being terminated. Such discovery of the job posting and realizing that Fiserv was intentionally misleading Plaintiff regarding her job status placed an extreme amount of stress upon Plaintiff.

18. On April 22, 2014, Plaintiff was diagnosed with Preeclampsia as a result of the stress and anxiety incurred by the discovery of her planned termination by Fiserv and Oglesby's misrepresentations. Preeclampsia is a sudden development of high blood pressure in an expectant mother. The only remedy for Preeclampsia of an expectant mother is the immediate delivery of the child.

19. Based upon the diagnosis of Preeclampsia, Plaintiff was immediately scheduled for hospitalization and her pregnancy was induced on April 24, 2014. Plaintiff's original due date was or about May 12, 2014.

20. On or about June 4, 2014 Oglesby contacted Plaintiff and inquired of Plaintiff her expected date to return to work. Plaintiff informed Oglesby that Plaintiff was intending to exercise twelve (12) weeks of her rights under the Family Medical Leave Act ("FMLA").

21. During the June 4, 2014 conversation, Oglesby intentionally misinformed Plaintiff that her short-term disability insurance would only last six (6) weeks, not the twelve (12) weeks as stated by the Fiserv's benefit manager to Plaintiff prior to Plaintiff exercising her rights under the FMLA.  Upon information and belief Oglesby communicated with Fiserv's corporate health insurance provider to unlawfully interfere with Plaintiff's short-term disability insurance. As a result of Oglesby's conduct Plaintiff was subject to additional stress and was forced to spend considerable time and effort to rectify the situation with Fiserv's short-term health insurance provider.  Oglesby's unlawful interference forced Plaintiff to seek treatment with a psychotherapist in order to receive the full twelve (12) week benefit. To Plaintiff's knowledge other similarly situated employees did not have to seek treatment from a psychotherapist to obtain the full twelve (12) week benefit.

22. On or about June 19, 2014, Oglesby telephoned Plaintiff, while Plaintiff was still on FMLA leave, and informed Plaintiff  that she would be terminated as of her scheduled return date from FMLA of July 15, 2014.

23. During the June 19, 2014 conversation, Oglesby informed Plaintiff that she would ensure that Plaintiff received her full twelve (12) weeks of short-term disability insurance.

24. The entire ordeal of Plaintiff commencing with the falsehoods of Oglesby's regarding Plaintiff's PIP status, the posting of Plaintiff's termination on the corporate website, and Oglesby's tortious interference with Plaintiff's short-term disability insurance carrier  caused Plaintiff to suffer stress while pregnant and depression and panic disorder throughout Plaintiff's FMLA leave and beyond.

25. As a result of Plaintiff's short tenure at Fiserv and the unlawful involuntary end to her employment with Fiserv Plaintiff is unable to find comparable employment and will likely continue to be unable to do so.

## COUNT I

### (Violation of FMLA under 29 U.S.C. § 2615)

26. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 25 as if fully set out herein.

27. Plaintiff informed Fiserv, via Oglesby and Mr. Ken Brown, of her pregnancy and expectation of exercising her rights under FMLA.

28. Shortly after being informed that Plaintiff was pregnant and planned to exercise her rights under FMLA, Oglesby sent an email saying that she had concerns about Plaintiff's work performance and Oglesby continued to produce false and misleading communications in an attempt to falsify reasons to terminate Plaintiff.

29. After being informed of Plaintiff's pregnancy, Oglesby prepared Plaintiff's year-end work performance review significantly worse than Plaintiff's earlier mid-year work performance review as a blatant pretext to justify termination of Plaintiff.

30. On March 15, 2014, Plaintiff began a PIP plan, as directed by Oglesby, which was to be completed on April 30, 2014.  On or before April 1, 2014, Oglesby decided to terminate Plaintiff and directed Fiserv to post Plaintiff's termination on Fiserv's job board, with a termination date of April 30, 2014.

31. Oglesby devised a plan to trick Plaintiff through the PIP program by informing Plaintiff that the PIP was proceeding on schedule and it would not be a "problem" to continue completion of the PIP past the April 30, 2014 deadline. Oglesby orchestrated such false

representations knowing that Oglesby directed Fiserv to post Plaintiff's termination on the corporate job board.

32. Fiserv terminated Plaintiff's employment as of her scheduled return date of July 15, 2014, and informed Plaintiff of this decision on June 19, 2014 while Plaintiff was still exercising her rights under FMLA.

33. Fiserv and Oglesby terminated Plaintiff's employment by providing a pre-textual reason that Plaintiff's performance was subpar.  In reality, Plaintiff was terminated because she became pregnant and exercised her rights under the FMLA.

34. Fiserv and Oglesby intended to terminate Plaintiff's employment shortly before the maternity leave began, and did not do so due to Plaintiff's earlier than expected commencement of her rights under FMLA due to Plaintiff's diagnosis of Preeclampsia as a result of Plaintiff's discovery of Oglesby's misrepresentations and scheme to falsify Plaintiff's work performance.

35. As reflected by the April 1, 2014 posting of Plaintiff's position and intended April 30, 2014 termination, Fiserv had decided to terminate Plaintiff regardless of her performance, either with her regular job duties or on her PIP plan.  Plaintiff is unaware of any other employees of Fiserv that were terminated under a PIP prior to a determination that the employee was not performing as per the PIP.

36. The timing of Fiserv's actions are so closely linked with Plaintiff's notification of her pregnancy to rise far above the level of coincidence.

37. Plaintiff's pregnancy and exercise of her FMLA rights was a substantial motivating factor in Fiserv's decision to terminate her employment.

38. This wrongful termination of Plaintiff caused and continues to cause Plaintiff harm in that Plaintiff has not found comparable employment, causing Plaintiff to suffer damages of front-pay, back-pay, attorney's fees and a diminished professional standing in her career.

WHEREFORE, Plaintiff prays this Court will enter a judgment in favor of Plaintiff against Defendants, jointly and severally, for:

(a) damages for lost wages (front and back pay), salary, and benefits,

(b) equitable relief in the form of Fiserv modifying their personnel records to indicate that Plaintiff voluntarily left her position,

(d)  costs and reasonable attorney fees incurred with this lawsuit, and

(e) other damages and further relief as this court deems necessary and proper.

## COUNT II

### (Sex Discrimination under the MHRA, V.A.M.S. 213.055)

39. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 38 as if fully set out herein.

40. Plaintiff was a female employee of Fiserv.

43. Plaintiff informed Oglesby and Mr. Ken Brown of her pregnancy on or about November 2013.

44. Oglesby claims to have developed concerns about Plaintiff and began documenting those concerns only after Plaintiff informed Oglesby of her pregnancy.

45. The timing of Fiserv and Oglesby's actions in documenting their concerns, planning to terminate Plaintiff, and actually terminating Plaintiff while on FMLA leave are so closely linked with when Plaintiff informed them of her pregnancy and her intended maternity leave as to rise far above the level of coincidence.

46. Oglesby's decision to terminate Plaintiff's employment was motivated by the fact that Plaintiff became pregnant and intended to use maternity leave. Such actions are in violation of V.A.M.S. § 213.055.

47. As made clear by the paucity of any complaints about Plaintiff prior to her informing Fiserv of her pregnancy, Plaintiff was meeting her employer's expectations as indicated in Plaintiff's performance review prior to the announcement of her pregnancy "I [Olgesby] do think that [Plaintiff] is going to be great in this role and will be able to add some real value to the organization."

48. Fiserv's conduct in terminating Plaintiff's employment was wanton and willful and based upon Plaintiff's pregnancy in violation of both Federal and State laws. Plaintiff is entitled to attorney's fees under the Missouri Human Rights Act.

WHEREFORE, Plaintiff prays this Court will enter a judgment in favor of Plaintiff against defendants, jointly and severally, for:

(a) damages for lost wages (front and back pay), salary, and benefits,

(b) equitable relief in the form of Fiserv modifying their personnel records to indicate that Plaintiff voluntarily left her position,

(d) costs and reasonable attorney fees incurred with this lawsuit, and

(e) other damages and further relief as this court deems necessary and proper.

## COUNT III

**(Negligent Infliction of Emotional Distress)**

49. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 48 as if fully set out herein.

50. Plaintiff was an employee of Fiserv.

51.     Oglesby knew that Plaintiff was pregnant.

52.     Oglesby devised a scheme to trick Plaintiff into believing that Plaintiff could continue, and if necessary extend her performance PIP and remain in good standing with Defendant Fiserv.

53.     Unbeknownst to Plaintiff, Oglesby instructed members of Fiserv's human resources to post Plaintiff's job on the corporate job board with the expressly stated reason that Plaintiff was terminated. Additionally, Oglesby approved Plaintiff's termination; yet, misled Plaintiff by stating she was in good standing and could continue her performance under the PIP.

54.     Fiserv and Oglesby did not inform Plaintiff of their intention to terminate her employment while on the PIP.

55.     Fiserv and Oglesby attempted to conceal their intention to terminate Plaintiff's employment, with Oglesby inserting a comment "CONFIDENTIAL DO NOT POST".

56.     Despite Oglesby's attempt to keep it secret, on April 18, 2014 Plaintiff discovered the job posting and the expressed statement that she was fired and Oglesby's instructions to not post the job.  Said discovery caused Plaintiff stress and anxiety and Plaintiff developed Preeclampsia within four days of April 18, 2014.

57.     The job posting made it clear that Oglesby intended to terminate Plaintiff's employment, regardless Plaintiff's job performance or Plaintiff's performance on her PIP.

58.     Oglesby led Plaintiff to believe that she could complete her PIP upon her return from maternity leave, if she did not finish it beforehand. Oglesby made said representation knowing it to false.

59.     Fiserv and Oglesby knew that deceiving Plaintiff about her job status and allowing Plaintiff to believe that she might retain her job upon successful completion of the PIP would cause Plaintiff stress and anxiety.

60.     Defendants actions of deceitfulness caused Plaintiff to suffer stress, anxiety, the development of Preeclampsia and Defendants actions were malicious and with the sole purpose to bring harm to Plaintiff.

WHEREFORE, Plaintiff prays this court will enter a judgment in favor of Plaintiff and against Defendants, jointly and severally, for damages suffered by Plaintiff and award Plaintiff punitive damages to punish Defendants and to deter like action by other employers, and enter any other Orders this Court deems necessary and proper.

RESPECTFULLY SUBMITTED,

Christopher S. Swiecicki, Esq., LLC

By:     */s/ Christopher S. Swiecicki*
Christopher S. Swiecicki #38402MO
Attorney At Law
17295 Chesterfield Airport Road, Suite 200
Chesterfield, MO 63005
636.530.3608 Office
314.341.5796 Cell
636.530.0596 Fax
Christopher.Swiecicki@gmail.com
Attorney for Plaintiff