UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY ELLEN COADY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15CV1067 CDP |
| | ) |
| FISERVE SOLUTIONS, Inc., et al. | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2013).

The Complaint in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. The

Complaint alleges that plaintiff Mary Ellen Coady is a "resident of Missouri." It also alleges that defendant Gal Combs Oglesby is a resident of Texas. Finally, the Complaint alleges that Fiserv Solutions, LLC, is a "Wisconsin Corporation" with a principal office in Wisconsin. These allegations are insufficient for the Court to determine whether it has diversity jurisdiction over this matter.

"A complaint that alleges merely residency, rather than citizenship, is insufficient to plead diverse citizenship." 15 *Moore's Federal Practice* § 102.31; *see Sanders*, 823 F.2d at 215 & n.1. Because plaintiff only alleges his own residency and the residency of defendant Oglesby, he does not allege their citizenship.

Similar deficiencies appear with regard to Fiserv Solutions. First, it is unclear whether that entity is a corporation, as listed in the caption and stated in count 5 of the Complaint, or whether it is a limited liability company, as asserted by the defendants and stated in count 5 of the Complaint.

Assuming that Fiserv Solutions is an LLC, as alleged by the defendants, it is a citizen of every state of which any member is a citizen. *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). The Complaint contains no allegations concerning the members of Fiserv Solutions or their citizenship. Nor has Fiserv Solutions complied with Local Rule 3-2.09, which requires "[e]very non-governmental organizational party" to file a

Disclosure of Organizational Interests Certificate "with the party's first pleading or entry of appearance." Local R. 3-2.09(A). This certificate must identify each member and each member's state of citizenship. Local R. 3-2.09(B).

The Court will grant Fiserv Solutions until September 21, 2015 to file its Disclosure of Organizational Interests Certificate. Upon filing of that certificate, plaintiff shall have until October 1, 2015 to file an amended complaint that alleges facts showing the existence of the requisite diversity of citizenship of the parties.

Accordingly,

**IT IS HEREBY ORDERED** that by **September 21, 2015**, defendant shall file its Disclosure of Organizational Interests Certificate.

**IT IS FURTHER ORDERED** that by **October 1, 2015**, plaintiff shall file an amended complaint that alleges facts establishing his own citizenship and the citizenship of each defendant.

                                       _____
                                       CATHERINE D. PERRY
                                       UNITED STATES DISTRICT JUDGE

Dated this 14th day of September, 2015.